CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 15 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY MACK BROWN,<br>    Petitioner, | Civil Action No. 7:06-cv-00647 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Johnny Mack Brown, a federal inmate proceeding pro se, brings this action as a "petition for consideration of reduction sentence under 18 U.S.C. § 3582 in result of amended guideline range of 2006 pursuant to 18 U.S.C. § 1B10 [sic]." Brown is not entitled to relief under § 3582. Moreover, because Brown is claiming that his current confinement is illegal under United States v. Booker, 543 U.S. 220 (2005) and new evidence regarding the superseding indictment in his case, the court construes this pleading as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. As such, the motion must be dismissed as successive.

I.

The court has no authority under § 3582(c) to modify a sentence already imposed unless the motion is based on a retroactive change to the United States Sentencing Guidelines (USSG). See 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a). If a defendant was sentenced under a USSG guideline range that is subsequently lowered through an amendment of the USSG Manual by the Sentencing Commission the court may, upon motion of the defendant, reduce the defendant's term of confinement in consideration of the factors set forth in 18 U.S.C. § 3553(a) and in a manner consistent with applicable policy statements by the Commission. USSG § 1B1.10(a). Only amendments which (1) lower the guideline range after the defendant is sentenced and (2) are listed in USSG §1B1.10(c) "trigger eligibility" for sentence reduction under § 3582(c). § 1B1.10, comment. (n.1).

Brown was convicted by a jury in 1995 of major drug offenses and sentenced in March 1996 to two life terms in prison plus 120 months, with all sentences to run concurrent with each other.

1

He does not identify any amendment to the USSG that occurred after his sentencing that is also listed in USSG § 1B1.10(c). Thus, he does not present any ground upon which he is entitled to a sentence reduction under § 3582(c). Section 3582(c) provides the statutory authority for the court to reduce the sentence years after it was imposed, and § 3582(c) was not affected in any way by the Booker holding or by the advisory nature of the Guidelines post-Booker. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (finding that Booker is not applicable to § 3582(c) motions). Therefore, as a motion under § 3582(c), Brown's present pleading must be denied.

II.

A federal court can "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003). Such recharacterization of the pleading is appropriate in order to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Id. Under § 2255, a federal inmate may bring an action claiming that the sentence under which he is confined was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack. The court may construe a pro se motion filed in the defendant's criminal case as a § 2255 motion without notice, unless the defendant has never before challenged his conviction or sentence under § 2255. Id. at 383. Paragraph 8 of § 2255 prohibits district courts from considering a second or successive § 2255 motion, however, unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit.

Brown's claims in this case attack the legality of his sentence. He complains that the court's determination of drug weight and obstruction of justice allegations for sentencing purposes violated his rights under Booker. He also claims that his conviction and sentence are illegal because the superseding indictment issued on September 8, 1994, was dismissed by the court, but was nevertheless presented to the jury during deliberations. Brown further argues that because he raised

both of these complaints at sentencing, the court should now reduce his sentence to ten years imprisonment. He previously filed a § 2255 motion in this court, challenging the same conviction and sentence. See Brown v. United States, Civil Action No. 7:99-cv-346 (W.D. Va. 2000). Because Brown's claims assert that the sentence was illegal in various respects and he previously filed a § 2255 motion challenging that sentence, the court finds it appropriate to construe his pleading as a § 2255 motion.

Once construed as a § 2255 motion, Brown's current motion must be dismissed as successive. Brown presents no indication that he has obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. Therefore, this court must dismiss the motion as successive.[1] An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 15th day of November, 2006.

Senior United States District Judge

---

[1] Moreover, Brown is not entitled to relief under Booker, as the ruling in that case does not apply retroactively to cases, like Brown's, that became final before the Booker ruling issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive).